**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------- x

MARGAR ASSOCIATES LIMITED PARTNERSHIP, as a
limited partner, and in the right of, and derivatively on behalf of
BROWNSVILLE ASSOCIATES, L.P.,

Case No: 25-cv-03267-NGG-PK

                    Plaintiff,

          -against-

MICHAEL J. LEVITT, INTERSTATE REALTY
MANAGEMENT COMPANY and MICHAELS
MANAGEMENT–AFFORDABLE, LLC,

                    Defendants.

          -and-

BROWNSVILLE ASSOCIATES, L.P.,

                    Nominal Defendant.

-------------------------------------------------------------------------------- x

### MEMORANDUM OF LAW IN RESPONSE TO COURT'S
### SUA SPONTE ORDER TO SHOW CAUSE

                              RUSS & RUSS, P.C.
                              Attorney for Defendants
                              543 Broadway
                              Massapequa, NY 11758
                              516-541-1014
                              jayruss@russrusspc.com

**TABLE OF CONTENTS**

                                                                                          **PAGE**

**TABLE OF AUTHORITIES** ................................................................................................ i

**PRELIMINARY STATEMENT** ......................................................................................1

**INTRODUCTION** ............................................................................................................2

A. Commencement of the State Court Action ...................................................................2

B. Nature of Action ...........................................................................................................2

C. Nominal Defendant Brownsville's Citizenship and Structure .....................................2

D. Margar's Citizenship ....................................................................................................2

E. Individual Defendants' Citizenship ..............................................................................3

F. Margar's Counsel Refused to Disclose the Citizenship of Margar's Members;
   Defendants are Entitled to Limited and Targeted Disclosure ........................................3

G. The Court Should Ignore the Joinder of
   Nominal Defendant Brownsville as Fraudulent ............................................................5

H. Removal is Proper Because This Court Has
   Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1441(c) ....................10

**CONCLUSION** ..............................................................................................................13

.

**TABLE OF AUTHORITIES**

CASES                                                                            **PAGE**

Abrams v. Donati,
66 N.Y.2d 951, 953 (1985) ...........................................................................................7

Algarin v. Waste Mgmt. Sol. LLC,
No. 24-CV-5379 (RER) (TAM), 2025   WL 977724, at *7 (E.D.N.Y. Feb. 7, 2025),
report and recommendation adopted, No. 24-CV-5379 (RER) (TAM),
2025 WL 974611 (E.D.N.Y. Apr. 1, 2025),
and report and recommendation adopted, No. 24-CV-5379 (RER) (TAM),
2025 WL 1005524 (E.D.N.Y. Apr. 3, 2025) ...................................................................6

AMTAX Holdings 227, LLC v. CohnReznick LLP,
136 F.4th 32 (2d Cir. 2025) .....................................................................................1, 13

Bansbach v Zinn,
1 N.Y.3d 1, 9 (2003) ....................................................................................................9

Barr v. Wackman,
36 N.Y.2d 371 (1975) ...................................................................................................9

Casias v. Wal-Mart Stores, Inc.,
695 F.3d 428, 433 (6th Cir. 2012) ................................................................................6

DeMarco v. Clove Estates, Inc.,
250 A.D.2d 724, 725 (2d Dept. 1998) ..........................................................................7

Durant, Nichols, Hous., Hodgson, & Cortese-Costa, P.C. v. Dupont,
565 F.3d 56, 64 (2d Cir. 2009)......................................................................................4

Elliott v. Jaquez,
No. 24-CV-6481 (MKB) (JAM), 2025 WL 1022343,
 at *6 (E.D.N.Y. Apr. 7, 2025) .....................................................................................4

Empire Healthchoice Assurance, Inc. v. McVeigh,
547 U.S. 677, 6992006) ..............................................................................................12

Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,
545 U.S. 308, 312 (2005).............................................................................................12

Gunn v. Minton,
568 U.S. 251, 258 (2013)..............................................................................................12

Hines v. Azoth Investment SPC Ltd.,

No. 21-CV-10309, 2022 WL 683996,
 at *2 (S.D.N.Y. March 8, 2022) ..................................................................................4

In re Am. Int'l Grp., Inc. Deriv. Litig.,
700 F. Supp.2d 419, 430 (S.D.N.Y. 2010) (AIG)...............................................................10

Pickett v. Gorevic, No. 19-CV-5875 (GHW)(BCM),
2021 WL 4927061,(S.D.N.Y. Mar. 26, 2021),
report and recommendation adopted sub nom.
Pickett on behalf of Teladoc Health, Inc. v. Teladoc Health, Inc.,
No. 1:19-CV-5875-GHW, 2021 WL 4239176 (S.D.N.Y. Sept. 17, 2021)....................................10

In re Lifetrade Litig.,
No. 17-CV-2987 (JPO), 2025 WL 282942, at *5 (S.D.N.Y. Jan. 23, 2025) ..................................8

Marx v. Akers,
88 N.Y.2d 189, 193 (1996) ...............................................................8, 9, 10

Matter of Omnicom Grp. Inc. Stockholder Deriv. Litig.,
43 A.D.3d 766 (1st Dept. 2007)...............................................................9

New York City Health & Hosps. Corp. v. WellCare of New York, Inc.,
769 F. Supp.2d 250, 256 (S.D.N.Y. 2011)................................................. 12-13,

Noryb Ventures, Inc. v. Mankovsky,
47 Misc.3d 1220(A) (Sup. New York Co. 2015).....................................................7

Pampillonia v. RJR Nabisco, Inc.,
138 F.3d 459, 461 (2d Cir. 1998)...............................................................6

Patel v. Henslee Chicken, LLC,
No. 3:20-CV-00281, 2020 WL 7260926
(M.D. Tenn. Dec. 10, 2020)...............................................................6

Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.,
943 F.3d 613, 615, 617-618 (2d Cir. 2019) ...............................................................4

Podems v. Cangemi,
24-CV-4226-NRM-JRC, 2025 WL 93476382 (E.D.N.Y. 2025)................................................12

Retirement Plan for Gen. Empls. of the City of N. Miami Beach v. McGraw,
158 A.D.3d 494, 495 (1st Dept. 2018)...............................................................9

Riseboro Cmty. P'ship Inc. v. SunAmerica Hous. Fund No. 682,
401 F. Supp.3d 367 (E.D.N.Y. 2019) ...............................................................12

Rose v. Horan,
No. 17-CV-6408, 2018 WL 4344954, at *3 (E.D.N.Y. Sept. 11, 2018) .........................................5

Unión de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan v.
UBS Fin. Servs. Inc. of Puerto Rico,
704 F.3d 155, 163 (1st Cir. 2013)..................................................................................10

Wallace v. Perret,
28 Misc.3d 1023 (Sup. Ct., Kings Co. 2010)................................................................10

## STATUTES

12 U.S.C. §§ 1715z-1, 1735f-19 ...................................................................................11

24 C.F.R. Part 200 (Subpart H)......................................................................................11

28 U.S.C. § 1331..........................................................................................................1, 11

28 U.S.C. § 1332.................................................................................................................1

42 U.S.C. §§ 1437, 1437f, 3535 ....................................................................................11

Fed.R.Civ.P. 23.1 (previously Fed.R.Civ.P. 23(b) ..........................................................9

New York Partnership Law § 121-1002 ...........................................................................8

Fed.R.Civ.P. 12(b)(6).......................................................................................................6

## PRELIMINARY STATEMENT

Defendants Michael J. Levitt, Interstate Realty Management Company, Michaels Management–Affordable, LLC (**"Individual Defendants"**), and Brownsville Associates, L.P. (**"Brownsville"**)(**Individual Defendants** and **Brownsville** are collectively referred to as **"Defendants"**) hereby submit this Memorandum of Law pursuant to the Court's Order directing Defendants to Show Cause why this case should not be remanded to the Supreme Court of the State of New York, County of Kings.

As is set forth in this Memorandum of Law, Plaintiff Margar Associates Limited Partnership (**"Margar"**) stonewalled Defendants' reasonable and good-faith efforts to ascertain the identity and citizenship of Margar's partners. As a result, the Court should allow Defendants to conduct limited and targeted discovery as to the citizenship of Margar and its constituent members, or direct Margar to disclose the names, addresses and citizenship of its constituent members so that the Court can determine if diversity of citizenship jurisdiction exists. This is particularly necessary, especially where as here, Margar, to avoid diversity of citizenship jurisdiction, fraudulently joined Brownsville as a defendant in a sham derivative action. 28 U.S.C. § 1332.

Moreover, the Complaint in this action asserts that Defendants are liable to Margar based on alleged violations of Federal Law, Federal (HUD) Regulations, and Regulatory Agreements. Defendants submit that federal question jurisdiction exists as an alternative to diversity of citizenship. 28 U.S.C. § 1331. Individual Defendants respectfully submit that the removal of the State Court Action to this Court satisfies the Grable-Gunn test, and the principles enunciated by the Second Circuit in AMTAX Holdings 227, LLC v. CohnReznick LLP, 136 F.4th 32 (2d Cir. 2025).

**INTRODUCTION**

### A. Commencement of the State Court Action

On May 19, 2025, Margar filed the Summons and Complaint (the **"Summons and Complaint"**) in the Supreme Court of the State of New York, County of Kings, under Index No. 516608/2025 (the **"State Court Action"**). Individual Defendants and Brownsville appeared in the State Court Action by filing a Notice of Appearance on June 5, 2025. Defendants are not aware of the date(s) Defendants were served.[1] On June 11, 2025, Defendants removed this case to Federal Court.

### B. Nature of Action

The Complaint asserts four causes of action. The Complaint seeks damages individually, and allegedly derivatively on behalf of Brownsville. The first cause of action seeks damages against the Individual Defendants for an alleged breach of the Partnership Agreement. The second cause of action seeks damages against the Individual Defendants based on an alleged breach of fiduciary duty. The third cause of action seeks damages against the Individual Defendants based on an alleged unjust enrichment. The fourth cause of action seeks damages against the Individual Defendants for allegedly aiding and abetting an unclear wrongful conduct.

### C. Nominal Defendant Brownsville's Citizenship and Structure

Brownsville is a limited partnership organized under the laws of the State of New York. Defendant Levitt is the sole general partner of Brownsville. Margar is the sole limited partner of Brownsville.

### D. Margar's Citizenship

Margar is a limited partnership organized under the laws of the State of Connecticut. The

---

[1] Margar's counsel has not filed any affidavits or certifications of service in this Action either before or after removal.

Complaint does not identify Margar's members. The Complaint does not allege any facts from which the citizenship of Margar can be discerned. However, based on correspondence from Margar, Defendants learned that Margar's General Partner is Paramount BP LLC, a limited liability company organized under the laws of the State of Delaware.

### E. Individual Defendants' Citizenship

Defendant, Michael J. Levitt, is a natural person and a citizen of the State of Maryland, County of Talbot. Defendant, Interstate Realty Management Company (**"Interstate"**), was a corporation organized under the laws of the State of New Jersey and a citizen of the State of New Jersey. Pursuant to a Certificate of Merger dated April 29, 2019, Interstate merged into Defendant Michaels Management-Affordable LLC (**"MMA"**).

MMA is a limited liability company organized under the laws of the State of New Jersey. The constituent members of MMA are citizens of the State of New Jersey, South Carolina, and Pennsylvania.

### F. Margar's Counsel Refused to Disclose the Citizenship of Margar's Members; Defendants are Entitled to Limited and Targeted Disclosure

Diversity of citizenship exists as long as none of the constituent members of Margar are citizens of Maryland, New Jersey, Pennsylvania or South Carolina. Before filing the removal petition, defense counsel wrote to Margar's counsel on June 4, 2025 requesting that Margar disclose the names, addresses, and citizenship of its constituent members and partners so that the citizenship of Margar could be ascertained. Margar's counsel, by email dated June 8, 2025, refused to furnish defense counsel with the information requested. A copy of the defense counsel's letter and the email response from Margar's counsel are together annexed as **Exhibit 1**.

Defendants respectfully submit that they are entitled to discovery from Margar to establish diversity of citizenship jurisdiction. Such discovery would disclose the identity of

Margar's members so that Defendants could ascertain Margar's citizenship. Limited and targeted discovery is appropriate since, as here, the identity of Margar's partners – and the citizenship of Margar - is exclusively within the ken of Margar. Indeed, the Court should direct Margar to disclose forthwith the identity of its constituent members or partners and the citizenship of those members and partners.

A defendant's failure to establish diversity jurisdiction alone, however, does not require remand. See Durant, Nichols, Hous., Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009) ("the actual existence of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements."). Accordingly, a district court has discretion to order jurisdictional discovery where removal "improperly pleaded citizenship." Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615, 617-618 (2d Cir. 2019). "Second Circuit law is ... clear that [the district court] can either remand the case to state court because the removing party failed to demonstrate complete diversity of citizenship or exercise [its] discretion to order further discovery to determine whether there was complete diversity of citizenship." Hines v. Azoth Investment SPC Ltd., No. 21-CV-10309, 2022 WL 683996, at *2 (S.D.N.Y. March 8, 2022) (quoting Platinum-Montaur Life Sciences., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 618 (2d Cir. 2019) (internal quotation marks and modifications omitted)). The Court has discretion to order limited discovery to determine whether there was complete diversity of citizenship. Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 618 (2d Cir. 2019).

Nonetheless, the Second Circuit has cautioned against "prolonged preliminary litigation" over removal where the defendant "failed in the first instance to aver a proper jurisdictional basis for removal." Elliott v. Jaquez, No. 24-CV-6481 (MKB) (JAM), 2025 WL 1022343, at *6

(E.D.N.Y. Apr. 7, 2025)(citations omitted).

It is important to note that Margar still has not disclosed its citizenship. The cat and mouse game of Margar and its counsel is unseemly and a waste of time. In this case, preliminary discovery can be completed within thirty days. It requires only that Margar candidly disclose the identity and citizenship of its constituent members or partners, whether those members are individual persons or corporations so as to confirm that there is diversity of citizenship between Margar and the Individual Defendants.

### G. The Court Should Ignore the Joinder of Nominal Defendant Brownsville as Fraudulent

The Complaint purports to assert causes of action "derivatively" on behalf of Brownsville even though Defendant Levitt is Brownsville's sole general partner and Margar is Brownsville's sole limited partner. Since the Complaint is couched in terms of being a derivative action, Brownsville was joined as a necessary party. *See* Rose v. Horan, No. 17-CV-6408, 2018 WL 4344954, at *3 (E.D.N.Y. Sept. 11, 2018) ("In derivative actions commenced on behalf of an LLC, the LLC is not a nominal party but instead a necessary party under Rule 19 of the Federal Rules of Civil Procedure. Therefore, as a necessary party, the court must take into account the LLC's citizenship for purposes of determining the presence of diversity jurisdiction." [citations omitted]).

However, Brownsville is not a necessary party. This Court can ignore the joinder of Brownsville as fraudulent. Margar intended to destroy diversity of citizenship jurisdiction by mischaracterizing this Action as a derivative action. This Court can disregard the joinder of Brownsville as fraudulent based on the miscasting of this Action as a derivative action. In this case, there is one general partner – Michael J. Levitt.[2] Margar is the sole limited partner. *A*

---

[2] Mr. Levitt is a citizen of Maryland.

*fortiori*, the claims asserted in the Complaint inure to the benefit of Margar only.

To successfully establish fraudulent joinder, the removing "defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998); Algarin v. Waste Mgmt. Sol. LLC, No. 24-CV-5379 (RER) (TAM), 2025 WL 977724, at *7 (E.D.N.Y. Feb. 7, 2025), report and recommendation adopted, No. 24-CV-5379 (RER) (TAM), 2025 WL 974611 (E.D.N.Y. Apr. 1, 2025), and report and recommendation adopted, No. 24-CV-5379 (RER) (TAM), 2025 WL 1005524 (E.D.N.Y. Apr. 3, 2025).

When deciding a motion to remand, including fraudulent joinder allegations, Courts apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss. Casias v. Wal-Mart Stores, Inc., 695 F.3d 428, 433 (6th Cir. 2012); Patel v. Henslee Chicken, LLC, No. 3:20-CV-00281, 2020 WL 7260926 (M.D. Tenn. Dec. 10, 2020). The Court should consider that the Complaint asserts direct claims on behalf of Margar that militate against finding that the Complaint sets forth claims derivatively. In fact, the Complaint asserts that Individual Defendants breached its obligations to Margar under the Partnership Agreement, breached duties in tort owed by the Individual Defendants to Margar, were unjustly enriched to Margar's detriment, and nonetheless aided and abetted the Individual Defendants alleged misconduct so that Margar was damaged.

None of the causes of action properly or plausibly assert derivative claims on behalf of Brownsville. All of the causes of action assert direct and individual claims to vindicate Margar's personal rights. See, e.g., ¶¶ 37, 38, 39, 56, 60, 73, 94 of Complaint. In particular, and by way

6

of illustration, ¶¶ 37 -39 of the Complaint asserts that

> 37. General Partner *actively misled MARGAR* by making false statements in the 2005 Letter and in the Audited Financials, leading MARGAR to believe that the Managing Agents are entitled to receive IPFs as part of its *(sic)* management fee."

> 38. Under the doctrine known as "equitable estoppel", the Defendants are not permitted to interpose the defense of the statute of limitations, *where the Defendants have actively induced Plaintiff through deception and misrepresentation* to delay the commencement of the action on time.

> 39. *MARGAR's reasonable reliance on the false representations* contained in the 2005 Letter and in the Audited Financials led it to believe that the IPF payments to the Managing Agents were duly authorized, causing MARGAR to delay commencing action *(sic)* against Defendants.
> (emphasis added)

The direct nature of the causes of action are further established in ¶ 95 wherein Margar asserts in the fourth cause of action for aiding and abetting:

> By reason of the foregoing, the Limited Partner (Margar) seeks full compensatory damages from the Defendants, including reasonable interest on all wrongfully distributed monies.

Under New York law, where the thrust of a plaintiff's objective is to vindicate his personal rights as an individual and not as a limited partner on behalf of a limited partnership, the plaintiff lacks standing to maintain a derivative action. *See* <u>DeMarco v. Clove Estates, Inc.</u>, 250 A.D.2d 724, 725 (2d Dept. 1998). Where allegations in a complaint confuse a shareholder's derivative and individual rights, the complaint will be dismissed. <u>Abrams v. Donati</u>, 66 N.Y.2d 951, 953 (1985). See also <u>Noryb Ventures, Inc. v. Mankovsky</u>, 47 Misc.3d 1220(A) (Sup. New York Co. 2015) in which the trial court stated:

> Where, as here, a shareholder in a close corporation is denied the right to participate in distributions, that denial constitutes a breach of the fiduciary duty owed to that shareholder. *See Gjuraj v. Uplift El. Corp.,* 110 AD3d 540, 541 (1st Dep't 2013) (holding that defendant breached its "fiduciary duty to plaintiff, a minority shareholder" of a closely-held corporation "by, inter alia, distributing profits to ... an employee of the corporation, without making a 15% distribution of profits to plaintiff"). *See also Ruttenberg v. Davidge Data Sys. Corp.,* 215 AD2d

191, 192 (1st Dep't 1995) (explaining that in a closely-held corporation, "the rights of a stockholder, includ[e] entitlement to any dividends or distributions which the corporation may declare"). Moreover, such a claim is direct, rather than derivative, because the failure to include Byron Ventures in the distribution of corporate assets harmed Byron Ventures individually and Byron Ventures would receive the benefit of any recovery. *See Gjuraj,* 110 AD3d at 540 (finding that plaintiff's breach of fiduciary duty claim could be asserted directly because "defendants' freezing him out of the corporation and failing to pay him his share of the profits harmed him individually, and he would receive the benefit of any recovery").

"It is important to distinguish the injury to shareholders *qua* shareholders from any injury to the corporation. If a harm were suffered by the shareholders as shareholders, then the same harm would not be a harm inflicted on the corporation." Marx v. Akers, 88 N.Y.2d 189, 193 (1996) ("The remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; recovery must enure to the benefit of the corporation." (quotation marks omitted)) In re Lifetrade Litig., No. 17-CV-2987 (JPO), 2025 WL 282942, at *5 (S.D.N.Y. Jan. 23, 2025). In particular, the Complaint alleges at ¶ 37 thereof that Defendant Levitt misled made false statements in a certain letter dated May 9, 2005 (the "2005 Letter") that led "MARGAR to believe that the Managing Agents *are entitled to receive* IPFs as part of its management fees" (*italics* added). The Complaint mischaracterizes the 2005 Letter, a copy of which is annexed hereto as **Exhibit 2,** because the letter states that:

> The Project's Management Agent…will have its regular management fees reduced as a consequence of the refinancing, based upon the proforma projections for this transaction. However, Interstate *will be eligible to receive* an Incentive Performance Fee, as permitted by the Mark-to Market Program of up to 3% of the gross income."
> (emphasis added).

Moreover, a pre-suit demand is required by statute. Pursuant to the New York Partnership Law § 121-1002, which is titled "Limited Partners' Derivative Action"

> (a) A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if all general partners with authority to do so have

refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

*　　　*　　　*

(c)　　In a derivative action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by a general partner, or the reasons for not making such effort.

As explained by the New York Court of Appeals, the reason for the demand requirement rests on "basic principles of corporate control that the management of the corporation is entrusted to its board of directors, who have primary responsibility for acting in the name of the corporation and who are often in a position to correct alleged abuses without resort to the courts." Bansbach v Zinn, 1 N.Y.3d 1, 9 (2003), quoting Barr v. Wackman, 36 N.Y.2d 371 (1975) "The demand requirement thus relieves courts of unduly intruding into matters of corporate governance by first allowing the directors themselves to address the alleged abuses. "[A] demand would be futile if a complaint alleges with particularity that (1) a majority of the directors are interested in the transaction, or (2) the directors failed to inform themselves to a degree reasonably necessary about the transaction, or (3) the directors failed to exercise their business judgment in approving the transaction." Marx v Akers, 88 N.Y.2d 189 (1996).

Excusing a pre-suit demand is the exception and, therefore, "should not be permitted to swallow the rule" that a pre-litigation demand is required. Matter of Omnicom Grp. Inc. Stockholder Deriv. Litig., 43 A.D.3d 766 (1st Dept. 2007). Thus, under New York law, if a plaintiff fails to plead with particularity that service of a pre-litigation demand should be excused, the complaint must be dismissed. Retirement Plan for Gen. Empls. of the City of N. Miami Beach v. McGraw, 158 A.D.3d 494, 495 (1st Dept. 2018).

There is no daylight between New York law and Federal law on this issue. Indeed, the New York rule was originally based in part on Fed.R.Civ.P. 23.1 (previously Fed.R.Civ.P.

23(b)). See <u>Marx v. Akers</u>, 88 N.Y.2d 189, 204 n. 3 (1996). Fed.R.Civ.P 23.1 imposes an additional pleading requirement on plaintiffs in a derivative action. Specifically, Fed.R.Civ.P 23.1 contains a "demand requirement," requiring the shareholder or limited partner to "allege with particularity either that a satisfactory pre-suit demand was presented to, and refused by, the board of directors or the reasons such a demand would have been futile." <u>Unión de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan v. UBS Fin. Servs. Inc. of Puerto Rico</u>, 704 F.3d 155, 163 (1st Cir. 2013). "[T]he circumstances in which a demand is required or, conversely, excused are determined by reference to the law of the state in which the corporation is incorporated." <u>Unión de Empleados</u>, 704 F.3d at 163. "The Rule 23.1 standard is even 'higher than the normal standard applicable to the analysis of a pleading challenged under Rule 12(b)(6).' <u>In re Am. Int'l Grp., Inc. Deriv. Litig.</u>, 700 F. Supp.2d 419, 430 (S.D.N.Y. 2010) (AIG) (quoting <u>Kernaghan v. Franklin</u>, 2008 WL 4450268, at *3 (S.D.N.Y. Sept. 29, 2008)), aff'd, 415 F. App'x 285 (2d Cir. 2011)". <u>Pickett v. Gorevic</u>, No. 19-CV-5875 (GHW)(BCM), 2021 WL 4927061, at *10 (S.D.N.Y. Mar. 26, 2021), report and recommendation adopted sub nom. <u>Pickett on behalf of Teladoc Health, Inc. v. Teladoc Health, Inc.</u>, No. 1:19-CV-5875-GHW, 2021 WL 4239176 (S.D.N.Y. Sept. 17, 2021).

The Individual Defendants assert that Margar has not plausibly asserted a derivative claim on behalf of Brownsville under New York law; hence, the joinder of Brownsville should be disregarded because Brownsville is not a necessary party. <u>Wallace v. Perret</u>, 28 Misc.3d 1023 (Sup. Ct., Kings Co. 2010).

Although the Complaint does not specify the amount of damages allegedly suffered, ¶ 43 of the Complaint asserts that the Individual Defendants "have taken unauthorized IPFs totaling over $500,000." As a result, the Individual Defendants assert that the amount in controversy

exceeds $75,000.

**H. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1441(c).**

The Complaint alleges, in pertinent part, that the Individual Defendants violated federal laws, federal regulations and "regulatory agreements" (Complaint ¶¶ 2, 29, 30, 48, 78, 79, 80, 81), and that as a result of the Individual Defendants' alleged violations of federal laws, federal regulations and "regulatory agreements", they are liable to Margar, individually and to Brownsville for compensatory damages. In particular, Defendants cite to, and quote from, ¶¶ 48, 49, 80 and 81 which state:

> 48. Accordingly, Defendants *have violated* the Partnership Agreement, *the Regulatory Agreements, and the Laws and Regulations*, to which they are bound.

> 49. Therefore, MARGAR, brings this action derivatively, in the right and for the benefit of BROWNSVILLE, to redress Defendant's breach of the Partnership Agreement, breach of fiduciary duties, waste of Partnership assets, *and their violations of law.*

*        *        *

> 80. At all relevant times herein, the General Partner knew that the Managing Agents *were not entitled to IPFs pursuant to the Laws and Regulations*.

> 81. At all relevant times herein, the Managing Agents knew they *were not entitled to IPFs pursuant to the Laws and Regulations*.

The Complaint references, but does not annex, the "2005 Letter" (**Exhibit 2**). The letter refers to HUD's "Mark-to-Market program" further implicating federal law

Defendants assert and believe that the federal laws implicated in this action include, and are not limited to, 12 U.S.C. §§ 1715z-1, 1735f-19 (**"National Housing Act"**) and 42 U.S.C. §§ 1437, 1437f, 3535 (**"The Housing and Community Development Act"**), the regulations promulgated thereto set forth in 24 C.F.R. Part 200 (Subpart H), and the rules, regulations and regulatory agreements concerning the agreements concerning the Mark-to-Market program.

Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States and raises a federal question.

"Specifically, cases that present only state law causes of action may nevertheless be said to 'arise under' federal law when the 'well pleaded complaint necessarily depends on resolution of a substantial question of federal law.'" Podems v. Cangemi, 24-CV-4226-NRM-JRC, 2025 WL 93476382 (E.D.N.Y. 2025)(quoting Bracey v. Bd. of Education City of Bridgeport, 368 F.3d 108, 113 (2d Cir. 2004).

Although Margar asserts only state-law causes of action, federal jurisdiction may still exist in a "special and small category" of cases. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 6992006), namely, those that "implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). In this case, the state law causes of action turn on substantial questions of federal law – whether the Individual Defendants have violated Federal Law, Federal Regulations and federally mandated Regulatory Agreements. The federal issue must be (1) "necessarily raised," (2) "actually disputed," (3) "substantial," and (4) "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). Jurisdiction is only proper "[w]here all four of these requirements are met." Id.

A state law claim necessarily raises federal questions for purposes of federal-question jurisdiction where the claim is affirmatively premised on a violation of federal law. Riseboro Cmty. P'ship Inc. v. SunAmerica Hous. Fund No. 682, 401 F. Supp.3d 367 (E.D.N.Y. 2019); New York City Health & Hosps. Corp. v. WellCare of New York, Inc., 769 F. Supp.2d 250, 256 (S.D.N.Y. 2011) (finding federal jurisdiction in part because plaintiff's state claims required proving a violation of federal law and regulations). In New York City Health & Hosps. Corp. v.

WellCare of New York, Inc., 769 F. Supp. 2d 250, 256 (S.D.N.Y. 2011), the Court held that

federal question jurisdiction existed in a breach of contract cause of action where the federal

issue involved whether the defendant violated federal Medicare law and regulations:

> The first prong of the *Grable* test requires that a state law claim "necessarily"
> raises a federal issue. HHC's breach of contract claim alleges that WellCare
> entered into a contract with CMS that requires WellCare "to pay health care
> providers according to the terms and conditions required by Medicare law and
> regulations." The Complaint further alleges that "Medicare law and regulations
> require that WellCare pay [HHC] the amount that [HHC] could collect for its
> services had WellCare's enrollees been enrolled in Original Medicare," and that
> "WellCare breached its contract with CMS by failing to pay [HHC] the DRG
> amounts for the services [HHC] provided to WellCare's Medicare enrollees."
> Therefore, in order to prevail on its breach of contract claim, HHC will have to
> prove that WellCare's failure to pay the DRG amount violated Medicare law and
> regulations. (citations and footnotes omitted)

Whether the Individual Defendants violated Federal Law, Federal Regulations and

Regulatory Agreements necessarily implicates complex payment and reimbursement schemes

created under the federal housing law, and HUD's regulations.  This case is therefore

distinguishable from AMTAX Holdings 227, LLC v. CohnReznick LLP, 136 F.4th 32 (2d Cir.

2025).  In that case, the Second Circuit held that in an action between a client and its accountant,

that interpretations of the Internal Revenue Code did not raise a federal question in a garden

variety malpractice action.  We distinguish this case from AMTAX because in the case at bar,

Margar alleges that the Individual Defendants took fees in violation of Federal Law, Federal

Regulations and Regulatory Agreements.  Defendant submit that the dispute herein – whether

Individual Defendants violated Federal Law, Federal Regulations and Regulatory Agreements -

raises a substantial federal issue for which it is appropriate for adjudication in a federal court.

## CONCLUSION

Defendants respectfully request:

a)      As to diversity of citizenship jurisdiction:  (i) that the Court grant Defendants'

limited and discrete discovery to ascertain the identity and citizenship of the constituent members of Plaintiff Margar Associates Limited Partnership; and (ii) retain jurisdiction if it is determined that Margar and the Individual Defendants are diverse pursuant to the principle of fraudulent joinder;

        b)     <u>As to federal question jurisdiction</u>: determine that the allegations of the Complaint that the Individual Defendants violated Federal Laws, Federal Regulations and Regulatory Agreements forms a basis for federal question jurisdiction; and

        c)     Such other and further relief as the Court may deem just and proper.

Dated: Massapequa, New York
      June 19, 2025

                      RUSS & RUSS, P.C.


                      By: *Jay Edmond Russ*
                        Jay Edmond Russ, Esq.
                      Attorney for Defendants
                      543 Broadway
                      Massapequa, NY 11758
                      516-541-1014
                      jayruss@russrusspc.com