LAW OFFICES

# RUSS & RUSS, P.C.

543 BROADWAY -   P.O. BOX 149 - MASSAPEQUA. NEW YORK 11758

TEL: 516/541-1014     FAX: 516/541-1077

JAY EDMOND RUSS
LINDA EILEEN RUSS

*Also Admitted in Connecticut*

*Of Counsel*
IRA LEVINE
DANIEL P. ROSENTHAL*

June 20, 2025

**(By ECF)**
Hon. Nicholas G. Garaufis
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Margar Associates Limited Partnership v. Levitt, et al
        Case No.: 25-cv-03267-NGG-PK

Dear Judge Garaufis:

        This firm is the attorney for the Defendants in this case.  I write pursuant to Your Honor's rules to request a pre-motion conference and for leave to serve and file a motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

        Defendants removed this case to the United States District Court on June 11, 2025 (Doc. No. 1).  Thereafter, by electronic order dated June 13, 2025, Defendants were directed to Show Cause why this action should not be remanded to Supreme Court, Kings County.  Defendants responded to the Order to Show Cause on June 19, 2025 (Doc. No. 6).

        The Complaint asserts four causes of action.  The Complaint seeks damages individually, and allegedly "derivatively" on behalf of Brownsville Associates, L.P. ("Brownsville").  The first cause of action seeks damages against Defendants for an alleged breach of the Partnership Agreement.  The second cause of action seeks damages against Defendants based on an alleged breach of fiduciary duty.  The third cause of action seeks damages against Defendants based on an alleged unjust enrichment.  The fourth cause of action seeks damages against Defendants for allegedly aiding and abetting an unclear wrongful conduct.  The Complaint purports to assert causes of action "derivatively" on behalf of Brownsville even though Defendant Levitt is Brownsville's sole general partner, and Margar is Brownsville's sole limited partner.

        Defendants intend to make a pre-answer motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Among the grounds to be asserted in the motion to dismiss is that the Complaint is barred by the Statute of Limitations.  The Complaint alleges that so-called breaches took place in 2005, and every year, thereafter.  The applicable New York limitation periods are, a) breach of contract, six (6) years, b) breach of fiduciary duties, three (3) years, c) unjust enrichment, six (6) years, and d) "adding and abetting," one (1) year (CPLR 215). The "the cause of action accrues when the contract is breached". <u>Deutsche Bank Natl. Tr. Co. Tr. for Harborview Mtge. Loan Tr. v Flagstar Capital Markets Corp.</u>, 32 N.Y.3d 139 (2018), CPLR 213 (2).

**RUSS & RUSS, P.C.**

Moreover, the derivative causes of action should be dismissed. In fact, none of the causes of action plausibly assert derivative claims on behalf of Brownsville. All of the causes of action assert direct and individual claims to vindicate Margar's personal rights. See, e.g., ¶¶ 37, 38, 39, 56, 60, 73, 94, and 95 of Complaint. Under New York law, where the thrust of a plaintiff's objective is to vindicate his personal rights as an individual and not as a limited partner on behalf of a limited partnership, the plaintiff lacks standing to maintain a derivative action. *See* DeMarco v. Clove Estates, Inc., 250 A.D.2d 724, 725 (2d Dept. 1998). Under New York law, where allegations in a complaint confuse a shareholder's derivative and individual rights, the complaint will be dismissed. Abrams v. Donati, 66 N.Y.2d 951, 953 (1985); Noryb Ventures, Inc. v. Mankovsky, 47 Misc.3d 1220(A) (Sup. New York Co. 2015).

Several of the causes of action are also duplicative of each other and should be dismissed. A cause of action for breach of fiduciary duty is duplicative of a breach of contract claim and cannot stand. Brooks v Key Trust Co. Natl. Assn., 26 A.D.3d 628 (3d Dept 2006), lv dismissed 6 N.Y.3d 891 (2006); Rockmore v. Plastic Surgery Assoc., LLP, 69 Misc.3d 1222(A) (N.Y. Sup. Ct. 2020). An unjust enrichment cause of action is "precluded by the fact that a simple breach of contract claim may not be considered a tort unless a legal duty independent of the contract--one arising out of circumstances extraneous to, and not constituting elements of, the contract itself-has been violated." Brown v. Brown, 12 A.D.3d 176 (1st Dept., 2004).

Although the so-called derivative causes of action are implausibly asserted within the Complaint, the derivative must also be dismissed since Plaintiff has not pleaded that it made a pre-litigation demand or asserted facts from which it can be established that the demand was futile. Excusing a pre-suit demand is the exception and, therefore, "should not be permitted to swallow the rule" that a pre-litigation demand is required. Matter of Omnicom Grp. Inc. Stockholder Deriv. Litig., 43 A.D.3d 766 (1st Dept. 2007). Thus, under New York law, if a plaintiff fails to plead with particularity that service of a pre-litigation demand should be excused, the complaint must be dismissed. Retirement Plan for Gen. Empls. of the City of N. Miami Beach v. McGraw, 158 A.D.3d 494, 495 (1st Dept. 2018). New York pleading rules comport with Fed.R.Civ.P. 23.1. New York's rule is based in part on Fed.R.Civ.P. 23.1 (previously Fed.R.Civ.P. 23(b)). See Marx v. Akers, 88 N.Y.2d 189, 204 n. 3 (1996).

The motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is meritorious and made in good faith. Accordingly, Defendants respectfully request a pre-motion conference so that they may obtain leave of the Court to serve and file the motion.

Respectfully submitted,

*Jay Edmond Russ*
JAY EDMOND RUSS