

ALLEN V. KOSS, ESQ.
SIMCHA D. SCHONFELD, ESQ.*
JACOB J. SCHINDELHEIM, ESQ.

*Also admitted in New Jersey

July 9, 2025

*Via Electronic Filing*
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Margar Associates Limited Partnership v. Levitt et al.*
> Case No.: 1:25-cv-03267-NGG-PK
> Re: Order to Show Cause on Subject Matter Jurisdiction

Your Honor:

This office represents the Plaintiff in this action, and we write in response to your order directing Plaintiff to file a letter "which states clearly which of its members, if any, has the same state of citizenship as any Defendant." This relates to your order of June 13, 2025, ordering Defendants to show cause why the Court should not remand this case for lack of subject matter jurisdiction.

***Common Citizenship of Plaintiff and Defendants***

As previously stated, Plaintiff Margar Associates Limited Partnership ("Margar"), is a limited partnership organized under the laws of the State of Connecticut. Our client has informed us that that the limited partner of Margar is a Connecticut limited partnership, Emgee Associates Limited Partnership ("Emgee"). Based upon our inquiries, it appears that, in addition to being a citizen of New York (as discussed previously), Margar holds citizenship of Pennsylvania in common with a defendant.

*Margar Appears to be a Citizen of Pennsylvania*

After further inquiries, our client has received information provided by Arnold Levine, the general partner of Emgee. Mr. Levine informed our client that one of the limited partners of Emgee

is the Estate[1] of Yale Gellman (the "Estate") c/o Beth Gellman-Beer. According to the obituary for Yale H. Gellman, (<u>Exhibit E</u>, enclosed), Mr. Gellman died on January 24, 2009, survived by his wife Estelle, and children Douglas, Russell and Beth.

Our client has been informed that Beth Gellman-Beer, the daughter of Yale H. Gellman, has stated that Mr. Gellman's limited partner interest of Emgee is still held by his Estate and has not been distributed to the Estate's beneficiaries. Ms. Gellman-Beer further informed our client that Yale H. Gellman "changed his residency in the last few years of his life as he moved to Philadelphia so I could better care for him." She further informed our client that Yale H. Gellman's residency at the time of his death was "2 Franklin Town Blvd. # 2007, Philadelphia PA."

Pursuant to 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent". It appears that the Estate is a citizen of Pennsylvania, as the information conveyed to us indicates that Yale H. Gellman was a citizen of Pennsylvania at the time of his death. Accordingly, as Defendant Michaels Management-Affordable LLC has asserted that it is a citizen of Pennsylvania, complete diversity does not exist. (Defs. Mem. at 3, [6]).

Further supporting the conclusion that Yale H. Gellman was a citizen of Pennsylvania is the attached copy of the result of a search of the Social Security Death Index (<u>Exhibit F</u>), indicating that Yale H. Gellman was a Pennsylvania resident at the time of his death. Additionally, his mailing address with the Florida Bar is located in Pennsylvania. (<u>Ex. F</u>).

Should the Estate actually be an estate in name only, Beth Gellman-Beer appears to be a citizen of Pennsylvania and she is the current addressee on behalf of the Estate. She is an active member of the Pennsylvania Bar, with a business address in Rydal, Pennsylvania. (*see* <u>Exhibit G</u>). A biography page of Beth Gellman-Beer shows a law-school graduation date correspondent with that of Beth Gellman's bar admission date, and states that she lives in Abington, Pennsylvania. (<u>Ex. G</u>). Accordingly, even if she is acting as a trustee of a regular trust, or interest-holder in a business trust, or partner in a partnership, Beth Gellman-Beer would impart her Pennsylvania citizenship upon Emgee, and therefore Margar and Brownsville Associates, L.P. ("Brownsville"). See *Rinderman v Wilmington Sav. Fund Socy.*, 2025 US Dist LEXIS 113078, at *3 (EDNY June 13, 2025, No. 1:24-CV-4619).

*Common Citizenship with Brownsville - New York*

In addition to the reasons state above, diversity jurisdiction does not exist in this case because defendant, Brownsville, is a New York citizen. As stated in our prior letter, when, in a derivative action, management is aligned against an owner of an entity and is defending the course of conduct attacked by the owner, there is "antagonism," requiring the entity itself to be "aligned as a defendant"; and, therefore, the entity's citizenship should be considered in determining the existence of diversity jurisdiction. See *Hebei Tiankai Wood & Land Constr. Co. v. Frank Chen & Kirin Transp., Inc.*, 348 F. Supp. 3d 198, 203, 206 (E.D.N.Y. 2018) (*internal citations omitted*);

---

[1] We have been unable to locate any records of a probate proceeding relating to Mr. Gellman and, as such, it would appear that his estate exists in Pennsylvania by operation of law.

*see also Patel v. Singh,* No. 21-CV-00759 (HG) (LGD), 2023 U.S. Dist. LEXIS 33172, at *8 (E.D.N.Y. Feb. 28, 2023). *See generally Netwolves Corp. v. Sullivan,* 2001 U.S. Dist. LEXIS 5905, at *17 (S.D.N.Y. May 8, 2001) (*citing Smith v. Sperling, 354 U.S. 91, 77 S. Ct. 1112 (1957)* For the reasons previously stated in our communications with the Court, both Margar and Brownsville are citizens of New York for the purposes of diversity. Therefore, there is no diversity in this action.

Further, as Brownsville is a "forum defendant", this action may not be removed, per the restrictions of 28 U.S.C. § 1441(b)(2). Brownsville was served via the Secretary of State of the State of New York on June 4, 2025, a time prior to the removal of this action on June 11, 2025. (*see* Exhibit H).

Respectfully submitted,

Simcha D. Schonfeld, Esq.
Jason H. Kramer, Esq.